UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   2:25–cv–01249–FLA–JDE          Date          March 20, 2025

Title          KORTTNEY ELLIOTT V. ISABEL ROCHA BAEZ ET AL

Present:          The Honorable   Fernando L. Aenlle–Rocha  , U. S. District Judge

Twyla Freeman                                          Not Reported
Deputy Clerk                                   Court Reporter/Recorder

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):
Not Present                                                    Not Present

**Proceedings:**     **(IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THE COURT
SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER
THE STATE LAW CLAIM**

The Complaint filed in this action asserts a claim for injunctive relief arising out of
an alleged violation of the Americans with Disabilities Act (the "ADA") and a claim
for damages pursuant to the California's Unruh Civil Rights Act (the "Unruh Act"),
Cal. Civ. Code §§ 51-53. In the Complaint, Plaintiff requests the court exercise
supplemental jurisdiction over the Unruh Act Claim pursuant to 28 U.S.C. § 1367.

The United States Supreme Court has recognized supplemental jurisdiction "is a
doctrine of discretion, not of plaintiff's right, and that district courts can decline to
exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chi. v.
Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks and
citations omitted).

The supplemental jurisdiction statute codifies these principles. After
establishing that supplemental jurisdiction encompasses "other claims" in the
same case or controversy as a claim within the district courts' original
jurisdiction, § 1367(a), the statute confirms the discretionary nature of
supplemental jurisdiction by enumerating the circumstances in which district
courts can refuse its exercise:

"(c) The district courts may decline to exercise supplemental jurisdiction
over a claim under subsection (a) if --

"(1) the claim raises a novel or complex issue of State law,

"(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

"(3) the district court has dismissed all claims over which it has original jurisdiction, or

"(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367 (c).

Depending on a host of factors, then -- including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims -- district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every state of the litigation, the values of judicial economy, convenience, fairness, and comity"

*Id.* at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Acri v. Varian Assocs*., 114 F.3d 999, 1000 (9th Cir. 1997) (recognizing district courts have discretion to decline to exercise supplemental jurisdiction under § 1367 (c)).

In 2012, California adopted a heightened pleading standard for lawsuits brought under the Unruh Act to combat the influx of baseless claims and vexatious litigation in the disability access litigation sphere. Cal. Code Civ. Proc. § 425.50. The stricter pleading standard requires a plaintiff bringing construction-access claims[1] to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See id*. § 425.50(a). California also imposed a "high-frequency litigant fee" in 2015 in response to the "special and unique circumstances" presented by certain plaintiffs and law firms filing an outsized number of Unruh Act Lawsuits. Cal. Gov't Code § 70616.5.

---

[1] "'Construction-related accessibility claim' means any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under [Cal. Civ. Code] Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard, as defined in paragraph (6)." Cal. Civ. Code § 55.52(a)(1). "'Construction-related accessibility standard' means a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities, including, but not limited to, any provision, standard, or regulation set forth in Section 51, 54, 54.1, or 55 of this code, Section 19955.55 of the Health and Safety Code, the California Building Standards Code (Title 24 of the California Code of Regulations), the federal Americans with Disabilities Act of 1990 (Public Law 101-336; 42 U.S.C. Sec. 12101 et seq.), and the federal Americans with Disability Act Accessibility Guidelines (Appendix A to Part 36, of Title 28, of the Code of Federal Regulations)." Cal. Civ. Code § 55.52(a)(6).

In recognition of California's effort to reduce the abuse of California's disability access laws, district courts within the state have determined that the interests of fairness and comity counsel against exercising supplemental jurisdiction over construction-access claims brought under the Unruh Act. *See, e.g. Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("[T]he Court finds it would be improper to allow Plaintiff [a high frequency litigant] to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act Claim.").

In light of the foregoing, the court ORDERS Plaintiff to show cause in writing why the court should exercise supplemental jurisdiction over the Unruh Act claim and any related state law claims. *See* 28 U.S.C § 1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff and his or her counsel also shall support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the court to determine if they satisfy the definition of a "high-frequency litigant" as provided by Cal. Code Civ. Proc. § 425.55(b)(1) & (2).

Plaintiff shall file a Response to this Order to Show Cause within fourteen (14) days of this Order. Failure to timely or adequately respond to this Order to Show Cause may result in the court declining to exercise supplemental jurisdiction over the Unruh Act claim and any related state law claims and dismissing such claim or claims without further notice, pursuant to 28 U.S.C. § 1367(c). The Court may set a hearing on the OSC after reviewing the parties' responses, if necessary.

IT IS SO ORDERED.

Initials of Clerk:  tf